TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
MIRI SONG (Cal. Bar No. 291140)
Assistant United States Attorney
International Narcotics, Money
Laundering & Racketeering Section
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2262
    Facsimile: (213) 894-0142
    E-mail:   miri.song@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 2:18-00767(A)-AB |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING MEMORANDUM AS TO DEFENDANT PAUL MCFARLANE LUKE |
| v. | |
| PAUL MCFARLANE LUKE, | Sentencing Date: 4/29/2022<br>Hearing Time:   3:00 p.m.<br>Location: Courtroom of the Hon.<br>        André Birotte Jr. |
| Defendant. | |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney MiRi Song, hereby files its Sentencing Memorandum as to Defendant Paul McFarlane Luke.

    This Sentencing Memorandum is based upon the attached memorandum of points and authorities, the files and records in this case, the Presentence Investigation Report submitted by the United States Probation Office, and any other evidence or argument that the Court may wish to consider at the time of sentencing.

//

The government respectfully requests the opportunity to supplement its position as may become necessary.

Dated: April 27, 2022   Respectfully submitted,

TRACY L. WILKISON
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

/s/ Miri Song
MIRI SONG
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendant Paul McFarlane Luke ("defendant") pleaded guilty on April 21, 2021, pursuant to a written plea agreement, to Counts One and Two of a two-count First Superseding Information in <u>United States v. Paul McFarlane Luke</u>, No. CR 18-00767(A)-AB, charging him with Making a False Statement in a Passport Application, in violation of 18 U.S.C. § 1542, and Being an Illegal Alien Found in the United States Following Deportation, in violation of 8 U.S.C. §§ 1326(a), (b)(1).

The United States Probation Office ("USPO") filed its Presentence Investigation Report ("PSR"), where it determined that defendant's base offense level is 8.  This base offense level is increased by 12 offense levels for specific offense characteristics for an adjusted offense level of 20.  Defendant's acceptance of responsibility decreased that level for a total offense level of 17.  The USPO determined that defendant had a total of five criminal history points and belongs in Criminal History Category III.  The applicable United States Sentencing Guidelines ("Guidelines") range is therefore 30 to 37 months' imprisonment, one to three years of supervised release, a fine of $10,000 to $95,000, and a special assessment fee of $200.

The government concurs with the USPO's calculations and recommendations and recommends 30 months' imprisonment, no fine, and a special assessment fee of $200.  However, the government recommends a supervised release period of 1 year, given defendant's compliance with the terms and conditions of release when released on bail.  Such a sentence is sufficient, but not greater than necessary, to reflect

the nature and circumstances of the offense and defendant's history and characteristics. It also promotes respect for the law, affords adequate deterrence to criminal conduct, and protects the public from further crimes of defendant.

## II. STATEMENT OF FACTS

On or about May 19, 2015, in Los Angeles County, within the Central District of California, defendant knowingly and willfully made a false statement in an application for a United States passport, with intent to induce and secure for his own use the issuance of a passport under the authority of the United States, contrary to the laws regulating the issuance of such passports. (ECF No. 63: PSR ¶ 9.) Specifically, defendant falsely stated that his name was D.V.G., his social security number was xxx-xx-6712, and that his date of birth was in February 1983, whereas, in truth and fact, as defendant then well knew, his name was not D.V.G., his social security number was not xxx-xx-6712, and his date of birth was not in February 1983. (Id.)

Defendant made the statement intending to get a United States passport for his own use. (Id. at ¶ 10.) Defendant acted knowingly and willfully, that is, defendant acted deliberately (and not through ignorance, mistake, or accident) and with knowledge both that the statement was untrue and that his conduct was unlawful. (Id.)

Furthermore, defendant, a citizen of Jamaica, was an alien, that is, not a natural-born or naturalized citizen, or national, of the United States. (Id. at ¶ 11.) On or about November 3, 2010, defendant was convicted of Fraud and Related Activity in Connection with Identification Documents, in violation of 18 U.S.C. 1028(a)(7),

on or about February 8, 2011, in the District Court of Nevada, Case Number 2:10-CR-0435-KJD-LRL, for which defendant was sentenced to 8 months' imprisonment. (Id.) Defendant was lawfully deported or removed from the United States on or about August 25, 2011. (Id.)

On or about February 10, 2017, defendant knowingly and voluntarily re-entered and thereafter remained in the United States. (Id. at ¶ 12.) Defendant did so without the consent of the Attorney General or the Secretary of Homeland Security or of any authorized representative of either official, to reapply for admission or to otherwise re-enter and remain in the United States. (Id.) On July 19, 2017, in the Los Angeles Superior Court Docket No. BA454536, defendant was sentenced for a violation of Penal Code Section 245(a)(4): Assault by Means Likely to Produce Great Bodily Injury, a felony, for which he received three years' imprisonment. (Id. at ¶ 13.) After defendant re-entered and remained in the United States, on or about March 8, 2019, immigration authorities found defendant in Los Angeles County, within the Central District of California. (Id. at ¶ 14.)

**III. THE PRESENTENCE INVESTIGATION REPORT**

The USPO calculated defendant's total offense level as 17. (Id. ¶ 34.) Specifically, the PSR applied the following Guidelines factors:

| | | | |
|---|---|---|---|
| Base Offense Level: | | 8 | USSG § 2L1.2(a) |
| Specific Characteristics: | | | |
| | Felony conviction before deportation | +4 | USSG § 2L1.2(b)(2)(D) |
| | Felony conviction after deportation | +8 | USSG § 2L1.2(b)(3)(D |

3

| | |
|---|---|
| Acceptance of Responsibility: | -3   USSG § 3E1.1(a) |
| Total Offense Level | 17 |

(Id. ¶¶ 18-34.)  The USPO also determined that defendant has five criminal history points and is therefore in Criminal History Category III.  (Id. at ¶¶ 36-45.)  Based on this and the applicable mandatory minimum sentence that apply in the instant offense, the USPO determined that the applicable Guidelines range is 30 to 37 months' imprisonment.  (Id. ¶ 76.)

**IV.  THE GOVERNMENT'S SENTENCING RECOMMENDATION**

The government concurs with the USPO's calculations of the total offense level and determination of defendant's Criminal History Category.  The government also concurs with the USPO's recommendation of 30 months' imprisonment, no fine, and a special assessment fee of $200.  (ECF No. 62: Disclosed Recommendation Letter, p. 1.)  The government however recommends a supervised release period of 1 year.  Defendant has been on pretrial release and has generally complied with the terms and conditions of release.  Thus, it appears that defendant is amenable to supervision and a period of 3 years would be excessive.  The factors set forth in 18 U.S.C. § 3553(a) would be satisfied by the government's recommended sentence, which would be "sufficient, but not greater than necessary" to comply with the purposes enumerated in 18 U.S.C. § 3553(a)(2).  Defendant committed serious crimes, but there are various mitigating factors.  At the outset, there is no victim in this case, which is why the government dropped the initial aggravated identity theft charge in the original indictment in this matter.  Defendant also appears to have reentered this country because he has family here and wished to be reunited with them.  During the pandemic, the USPO reports that defendant has

also been a caregiver to these family members and have otherwise lived a law-abiding life.  Indeed, since the time of his pretrial release to now, defendant appears to have complied with the terms and conditions of supervision.  A 30-month custodial sentence is significant enough such that it would adequately promote defendant's respect for the law and afford deterrence to any future criminal conduct, thereby also protecting the public.

**V.   CONCLUSION**

For all of the foregoing reasons, the government accepts the PSR and concurs with its calculations and recommendations, save for the supervised release period, for which the government recommends 1 year.  The government submits that the factors set forth in 18 U.S.C. § 3553(a) support the imposition of its recommended sentence.